# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| STREAM TV NETWORKS, INC., | : | Bankruptcy Case No. 21-10848 (KBO) |
| | : | |
| Debtor. | : | |
| _____ | : | |
| | : | |
| STREAM TV NETWORKS, INC., | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | C.A. No. 21-889-RGA |
| | : | Bankr. BAP No. 21-37 |
| SEE CUBIC, INC., and | : | |
| SLS HOLDINGS VI, LLC, | : | |
| | : | |
| Appellees. | : | |
| _____ | : | |
| | : | |
| JAMUNA TRAVELS, INC., REMBRANDT | : | |
| 3D HOLDING, LTD., and WALSH | : | |
| CHB, INC., | : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | C.A. No. 21-899-RGA |
| | : | Bankr. BAP No. 21-42 |
| SEE CUBIC, INC., and | : | |
| SLS HOLDINGS VI, LLC, | : | |
| | : | |
| Appellees. | : | |
| _____ | : | |

## **RECOMMENDATION**

At Wilmington this **30th** day of **August, 2021**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern

Mediation of Appeals from the United States Bankruptcy Court for this District dated

September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

Consistent with the Order by Judge Thynge in these two matters, the parties submitted a joint letter in both matters regarding their respective positions on mandatory mediation, which was received by Judge Thynge's chambers on or around July 22, 2021.[1]  As a result of review of this joint submission, a teleconference was scheduled and occurred on August 13, 2021.   D.I. 20 in 21-889-RGA; D.I. 15 in 21-899-RGA.  This teleconference clarified the parties' positions regarding mandatory mediation and provided information regarding other litigation between/among the parties in the state courts within this jurisdiction.  The Appellants desired a global mediation to include these matters: the Appellees did not, and also did not want to proceed with mediation in this Court.[2]   Judge Thynge understands that a hearing is scheduled in the near future in Chancery Court , which will address the issues raised that court.[3]

---

[1] Consistent with Judge Thynge's practice, this letter was not docketed since it addresses the parties' positions on mediation.

[2] The Trustee, who is one of the Appellees in these appeals, is not a party to the litigation in the state courts, and did not voice an opinion on the suggested "global" approach.  Regarding the issues involved in these appeals, the Trustee's position was consistent with the other Appellees.

[3] At the time of the teleconference, Judge Thynge understood that a hearing had been scheduled in Chancery Court around August 23, 2021.  At present, it is unknown whether this hearing occurred.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), these matters be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court.  The parties were advised of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(a) and D. Del. LR 72.1.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge